**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re:

BETH CHERYL SCARAMUZZA,

Debtor.

Case No. 25-40741

Chapter 13

---

**ORDER DENYING CONFIRMATION OF DEBTOR'S SECOND MODIFIED CHAPTER 13 PLAN DATED APRIL 15, 2026 AND DISMISSING CASE**

---

This matter came before the Court on confirmation of the Debtor's Second Modified Chapter 13 Plan dated April 15, 2026 (the "Plan") [Dkt. No. 65]; and Steven Goldman's renewed objections to confirmation and request for dismissal [Dkt. Nos. 72 and 73] (the objections were "renewed" because they were largely the same as objections to prior plans).

On September 23, 2026, the Court gave an oral rendering of its decision [Dkt. No. 82]. The Court then filed its findings of fact and a list of sources cited [Dkt. Nos. 83 & 84]. This Order incorporates those findings and sources, as well as the Court's reasoning as stated on the record. For these reasons, confirmation of the Debtor's Plan will be denied and the case will be dismissed.

**CONCLUSIONS OF LAW**

1. The Second Modified Chapter 13 Plan at Docket Number 65 was not proposed in good faith within the meaning of 11 U.S.C. § 1325(a)(3).
2. The Debtor's action in filing this Chapter 13 petition was not in good faith within the meaning of 11 U.S.C. § 1325(a)(7).
3. Because the requirements of 11 U.S.C. § 1325(a)(3) and (7) are not satisfied, confirmation of the Plan must be denied.
4. The Court does not reach the merits of Goldman's objection under 11 U.S.C. § 1325(a)(4).

5. Cause to dismiss the case exists under 11 U.S.C. § 1307(c). Goldman has established by a preponderance of the evidence, under the totality of the circumstances, that the Debtor filed the petition in bad faith by unfairly manipulating the Bankruptcy Code. That bad-faith filing independently constitutes cause. The Debtor's repeated inability to obtain confirmation after three Plans and more than a year of proceedings also constitutes unreasonable delay prejudicial to creditors under § 1307(c)(1).
6. Because confirmation is denied and the Court will not allow additional time to propose a fourth Plan, § 1307(c)(5) supplies an additional statutory ground for relief.
7. Dismissal, rather than conversion to Chapter 7, is in the best interests of creditors and the estate under 11 U.S.C. § 1307(c).
8. Dismissal is without prejudice to the Debtor's ability, if otherwise eligible, to seek future bankruptcy relief in good faith.
9. Debtor's counsel's application for compensation at Docket Number 68 is allowable under 11 U.S.C. § 330 in the amount of $22,433 in fees and $1,302 in expenses, but no payment or disbursement of the allowed compensation is authorized absent further order of the Court.

For the foregoing reasons, **IT IS HEREBY ORDERED**:

1. Confirmation of the Modified Chapter 13 Plan [Dkt. No. 65] is DENIED.

2. Goldman's renewed objections to confirmation [Dkt. Nos. 72 & 73] are SUSTAINED on the good-faith grounds stated in the Court's ruling.

**3.** Goldman's request [Dkt. No. 28] to dismiss this Chapter 13 case is GRANTED under section 1307(c), and the case will be DISMISSED WITHOUT PREJUDICE.

**BY THE COURT**:

s/ William J. Fisher

William J. Fisher
United States Bankruptcy Judge

Dated: *September 25, 2026*